IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | |
|---|---|
| PRECIOUS SIMMS, by and through her next of kin, DEMETRIA VAUGHN and GLEN WALKER ) ) ) Plaintiffs, ) vs. ) ) UNITED STATES OF AMERICA, d/b/a ) DEPARTMENT OF HEALTH AND HUMAN ) SERVICES d/b/a BETTY JEAN KERR PEOPLE'S ) HEALTH CENTERS, ) **Service: Alex M. Azar, II, Director** ) **U.S. Department of Health & Human Services** ) **200 Independence Avenue, S.W.** ) **Washington D.C., 20201** ) ) and ) ) LAUREL FENDRICH, M.D., ) **Service: Laurel Fendrich** ) **11642 West Florissant Avenue** ) **Florissant, MO 63033** ) ) and ) ) STEFAN EICHHORN, M.D., ) **Service: Stefan Eichhorn** ) **6420 Clayton Road** ) **St. Louis, MO 63117** ) ) and ) ) KIRK SANFORD, APRN-CRNA, ) **Service: Kirk Sanford** ) **1201 South Big Bend Blvd** ) **St. Louis, MO 63117** ) ) and ) ) ANESTHESIA PARTNERS LTD, ) **Service:** ) **SCW Registered Agent, Inc.** ) **8909 Ladue Road** ) **St. Louis, MO 63124** ) | Cause No.: Division No.: |

|  |  |
|---|---|
| and | ) |
|  | ) |
| SSM HEALTH d/b/a SSM HEALTH ST. MARY'S | ) |
| ST. LOUIS HOSPITAL, | ) |
| **Service: CT Corporation System** | ) |
| **120 South Central Avenue** | ) |
| **Clayton, MO 63105** | ) |
|  | ) |
| Defendants. | ) |

# COMPLAINT

COMES NOW Plaintiffs Demetria Vaughn and Glen Walker (hereinafter known as "Plaintiffs"), by and through their undersigned counsel, and for their cause of action against Defendants state as follows:

## I.   INTRODUCTION

1. That this is an action against the Defendants United States of America and Laurel Fendrich, M.D. under the Federal Tort Claims Act, (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1), for negligence and professional malpractice in connection with the medical care provided to Decedent Precious Simms. The claims are asserted against the United States, Department of Health and Human Services, acting through the Betty J Kerr People's Health Center (hereinafter "BJK"), and against Defendants Laurel Frendrich, MD pursuant to the Federal Tort Claims Act, and against Defendants Laurel Frendrich, MD, Stefan Eichhorn, MD, Kirk Sanford, APRN-CRNA, Anesthesia Partners, LTD and SSM Health d/b/a SSM Health St. Mary's St. Louis Hospital (hereinafter "St. Mary's") pursuant to the laws of the State of Missouri.

2. That the claims herein are brought against the Defendants BJK and Dr. Fendrich pursuant to the Federal Tort Claims Act (28 U.S.C. §2671, *et seq.*) and 28 U.S.C. §1346(b)(1),

2

for money damages as compensation for personal injuries and wrongful death caused by the Defendants' negligence.

3. That Plaintiffs have fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. *Standard Form 95 attached as Exhibit 1*.

4. This suit has been timely filed, in that Plaintiffs timely served notice of their claim on the United States, the United States Department of Justice, and Laurel Fendrich, M.D. less than three years after the incident forming the basis of this suit.

5. That Plaintiffs received her notice of denial from the Department of Health and Human Services, the United States Department of Justice on May 21, 2018. *Exhibit 2*

6. That Plaintiffs timely requested reconsideration of the May 21, 2018 denial on October 24, 2018 and November 2, 2018. *Exhibits 3 and 4*

7. That as of today's date, no response to the request for reconsideration has been received, and more than six months has passed.

8. That it has now been more than six (6) months since the final denial of Plaintiffs' Tort Claim, and therefore, pursuant to 28 U.S.C. §2401(b) this Honorable Court now has jurisdiction over Plaintiff's claims against the Department of Health and Human Services, BJK and the United States of America.

## II. PARTIES, JURISDICTION AND VENUE

9. That Plaintiff Demetria Vaughn (hereinafter referred to as "Plaintiffs") is the surviving daughter of Precious Simms, deceased (hereinafter referred to as "Decedent"), and brings this suit pursuant to Missouri Revised Statute §537.080 on behalf of herself as a Class I Beneficiary and all others entitled to bring a wrongful death action thereunder. That Plaintiff Glen Walker (hereinafter referred to as "Plaintiffs") is the surviving son of Precious Simms,

deceased (hereinafter referred to as "Decedent"), and brings this suit pursuant to Missouri Revised Statute §537.080 on behalf of himself as a Class I Beneficiary and all others entitled to bring a wrongful death action thereunder.

10. That at all times herein mentioned, Defendant Laurel Fendrich, MD was acting in the course and scope of her employment, as an agent and employee of, the United States, Department of Health and Human Services, acting through the Betty J Kerr People's Health Center (hereinafter referred to as "Defendant Fendrich").

11. That Defendant Stefan Eichhorn, M.D. (hereinafter known as "Defendant Eichhorn" or collectively with other defendants named herein as "Defendants") was, at all times, mentioned herein an anesthesiologist engaged in the practice of medicine within the State of Missouri. At all pertinent times Defendant Eichhorn held himself out to Decedent and to the general public as having specialized expertise in the field of anesthesiology that was performed on Decedent.  Upon information and belief, Defendant Eichhorn was employed by and acting within the scope of his employment, agency and/or apparent agency with Defendants Anesthesia Partners Ltd (hereinafter known as "Defendant Anesthesia Partners" or collectively with other defendants named here in as "Defendants") and Defendant SSM Health d/b/a SSM Health St. Mary's St. Louis Hospital (hereinafter known as "Defendant SSM" or collectively with other defendants named herein as "Defendants").

12. That Defendant Kirk Sanford, APRN-CRNA (hereinafter known as "Defendant Sanford" or collectively with other defendants named herein as "Defendants") was, at all times, mentioned herein a nurse anesthetist engaged in the practice of medicine within the State of Missouri. At all pertinent times Defendant Sanford held himself out to Decedent and to the general public as having specialized expertise in the field of anesthesiology that was performed on

Decedent.  Upon information and belief, Defendant Sanford was employed by and acting within the scope of his employment, agency and/or apparent agency with Defendants Anesthesia Partners and SSM.

13. That Defendant Anesthesia Partners is a Missouri Limited Liability Company, that all pertinent times, held itself out as a professional health care provider with expertise and offering health care services to the general public for consideration.  At all times mentioned herein this Defendant acted by and through its agents, servants and employees and apparent agents, servants and employees, including but not limited to physicians, nurses and counselors, including but not limited to Defendants Eichhorn and Sanford.

14. That Defendant SSM is, and at all times relevant hereto was, a not-for-profit Missouri corporation existing by and under the laws of the State of Missouri with its principal place of business in St. Louis County, and held itself out as a professional health care provider with specialized expertise in all aspects of medical,  hospital, emergency and nursing care, offering health services to the general public for consideration.

15. That at all times relevant hereto Defendant SSM acted by and through its agents, apparent agents, servants and employees, and all of whom were acting within the scope and course of their employment, agency, including but not limited to Defendant Eichhorn and Defendant Sanford, nursing personnel, and others.

16. That this Court has jurisdiction over the parties because certain claims herein arise under 28 U.S.C. §1346(b)(1).

17. That venue is proper in this Court pursuant to §28 U.S.C. §1402(b) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the Eastern District of Missouri.

### III.     ALLEGATIONS COMMON TO ALL COUNTS

18. That on April 13, 2017, Decedent presented to St. Mary's Hospital for a laparoscopic hysterectomy, to be performed by Defendant Dr. Fendrich.

19. That part of the procedure involves the surgeon inflating the abdominal area with $CO_2$ a procedure called a "gas insufflation."

20. That during a gas insufflation, the $CO_2$ is never supposed to be injected or infused into a blood vessel, an artery or a vein, rather, it is supposed to be injected or infused into free spaces in the abdomen.

21. That on April 13, 2017, when the laparoscopic hysterectomy procedure began, Defendant Dr. Fendrich, injected or infused $CO_2$ into one of decedent's vessel causing what is known as an air embolism.

22. That due to the air embolism, Decedent's heart rate fell rapidly, and Decedent went into cardiac arrest.

23. That Defendant Fendrich, Defendant Sanford and Defendant Eichhorn, were the anesthesiology team during the aforementioned procedure, and were charged with the task of monitoring decedent's heart rate and vital signs and responding accordingly.

24. That upon Decedent going into cardiac arrest, Defendant Fendrich, Defendant Sanford and Dr. Eichhorn were delayed in beginning resuscitation efforts and failed to timely respond to decedent's cardiac condition.

25. That once Defendant Fendrich, Defendant Sanford and Defendant Dr. Eichhorn did respond to Decedent's cardiac arrest, they failed to properly and timely administer lifesaving medications and failed to engage in proper lifesaving procedures.

<u>**COUNT I**</u>
<u>**PLAINTIFF v. UNITED STATES OF AMERICA AND DR. LAUREL FENDRICH**
**(WONGFUL DEATH UNDER THE FEDERAL TORT CLAIMS ACT**
**28 U.S.C. §2671,** *et seq*</u>)

COMES NOW Plaintiffs and for Count I of their Complaint against Defendants states as follows:

26. That Plaintiff adopts and incorporates Paragraphs 1-25 as though fully set forth herein.

27. That at all times herein mentioned, Dr. Laurel Fendrich was an employee of Defendant United States and was acting within the course and scope of her employment.

28. That Defendants were negligent and careless in its examination and evaluation of Decedent in the following respects, to-wit:

   a) That Defendant negligently and carelessly performed pre-operative assessment and care on April 13, 2017;

   b) That Defendants negligently and carelessly performed the laproscopic hysterectomy so as to have caused Decedent to suffer an air embolism;

   c) That Defendants negligently and carelessly failed to timely diagnose Decedent's air embolism April 13, 2017;

   d) That Defendants negligently and carelessly failed to order appropriate diagnostic testing and treatment for Decedent on April 13, 2017; and

   e) That Defendants failed to have appropriate and adequate safeguards in place to ensure the proper evaluation of, the proper treatment of, and the safe care of Decedent.

29. That as a direct and proximate result of the negligence of Defendants, Decedent was caused to suffer an air embolism which lead to Decedent's death.

30. That as a direct and proximate result of the negligence of Defendants, Decedent was caused to suffer severe, conscious pain and mental anguish prior to his death on April 13, 2017.

31. That as a direct and proximate result of the negligence of Defendants, Plaintiffs have been caused to incur medical expenses in an amount not yet fully determined, and funeral expenses as a result of the death of Decedent.

32. That as a direct and proximate result of the negligence of Defendants, Plaintiffs have sustained pecuniary loss for the value of Decedent's services, and Plaintiffs have been caused to be deprived of the loss of services, consortium, companionship, comfort, instruction, guidance, counsel, training, and support of Decedent.

WHEREFORE, Plaintiffs prays for judgment against Defendants United States of America and Fendrich, pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq* in the amount of $1,000,000.00, together with her costs herein expended.

## COUNT II
## DEFENDANTS EICHHORN, SANFORD, AND ANESTHESIA PARTNERS
## (MEDICAL NEGLIGENCE)

COMES NOW the Plaintiffs, by and through undersigned counsel, and for her cause of action against Defendants Eichhorn, Sanford, and Anesthesia Partners, state as follows:

33. That Plaintiffs adopts and incorporates paragraphs 1 to 32 of Plaintiffs' Complaint as if fully set forth herein.

34. That Defendants Eichhorn, Sanford, and Anesthesia Partners were negligent in the care and treatment of Decedent in the following respects to wit:

   a) That Defendants negligently and carelessly failed to perform an adequate and complete pre-operative evaluation;

8

b) That Defendants negligently and carelessly performed anesthesia service during a hysterectomy so as to have caused Decedent to suffer an air embolism;

c) That Defendants negligently and carelessly failed to evaluate Decedent on April 13, 2017 so as to timely recognize said air embolism;

d) That Defendants negligently and carelessly failed to timely diagnose Decedent's air embolism April 13, 2017;

e) That Defendants negligently and carelessly failed to order appropriate diagnostic testing and treatment for Decedent on April 13, 2017;

f) That Defendants negligently and carelessly failed to properly resuscitate decedent;

g) That Defendant failed to have appropriate and adequate safeguards in place to ensure the proper evaluation and monitoring of, the proper treatment of, the safe care of, and the proper resuscitation of Decedent; and

h) Defendants failed to have a proper and adequate system in place to credential and/or privilege the physicians and/or doctors and/or other medical providers it allowed to provide care to patients, to ensure said medical providers were competent and able to provide Defendant's patients with safe and proper health care.

35. That as a direct and proximate result of the negligence of Defendants Eichhorn, Sanford, and Anesthesia Partners, Decedent was thereby injured and damaged which ultimately led to Decedent's cause of death on April 13, 2017.

36. That as a direct and proximate result of the negligence of Defendants Eichhorn, Sanford, and Anesthesia Partners, Plaintiffs were caused to become obligated in an amount yet to

be ascertained in medical expenses for care, treatment, and funeral expenses of Decedent in an amount yet to be ascertained.

37. That as a direct and proximate result of the carelessness and negligence of Defendants Eichhorn, Sanford, and Anesthesia Partners, Plaintiffs have been deprived of loss of services, companionship, comfort, instruction, guidance, counsel, training and support of Decedent.

WHEREFORE, Plaintiffs state that they have been damaged for which damage they pray judgment against Defendants Eichhorn, Sanford, and Anesthesia Partners in such sum as may be fair and reasonable in the premises, but in excess of Seventy-Five Thousand Dollars ($75,000.00), together with their costs on their behalf expended.

## COUNT III
## DEFENDANT SSM
## (MEDICAL NEGLIGENCE)

COMES NOW the Plaintiffs, by and through undersigned counsel, and for her cause of action against Defendant SSM, state as follows:

38. That Plaintiffs adopts and incorporates paragraphs 1 to 37 of Plaintiffs' Complaint as if fully set forth herein.

39. That Defendant SSM was negligent in the care and treatment of Decedent in the following respects to wit:

   a) That Defendant negligently and carelessly performed pre-operative assessment and care on April 13, 2017;

   b) That Defendant negligently and carelessly failed to evaluate Decedent on April 13, 2017;

    c) That Defendant negligently and carelessly failed to timely diagnose Decedent's air embolism April 13, 2017;

    d) That Defendant negligently and carelessly failed to order appropriate diagnostic testing and treatment for Decedent on April 13, 2017;

    e) That Defendant failed to have appropriate and adequate safeguards in place to ensure the proper evaluation and monitoring of, the proper treatment of, the safe care of, and the proper resuscitation of Decedent; and

    f) That Defendant failed to have a proper and adequate system in place to credential and/or privilege the physicians and/or doctors and/or other medical providers it allowed to provide care to patients at its hospital, to ensure said medical providers were competent and able to provide Defendant's patients with safe and proper health care including resuscitation.

40. That as a direct and proximate result of the negligence of Defendant SSM, Decedent was thereby injured and damaged which ultimately led to Decedent's cause of death on April 13, 2017.

41. That as a direct and proximate result of the negligence of Defendant SSM, Plaintiffs were caused to become obligated in an amount yet to be ascertained in medical expenses for care, treatment, and funeral expenses of Decedent in an amount yet to be ascertained.

42. That as a direct and proximate result of the carelessness and negligence of Defendant SSM, Plaintiffs have been deprived of loss of services, companionship, comfort, instruction, guidance, counsel, training and support of Decedent.

WHEREFORE, Plaintiffs state that they have been damaged for which damage they pray judgment against Defendant SSM in such sum as may be fair and reasonable in the premises, but in excess of Twenty-Five Thousand Dollars ($75,000.00), together with their costs on their behalf expended.

        THE LAW FIRM OF DOREEN A. GRAHAM, LLC

By: /s/ Doreen A. Graham
    Doreen A. Graham #34171MO
    10024 Office Center Ave., Suite 202
    St. Louis, MO 63128
    Phone: (314) 241-0999
    Fax: (314) 297-0939
    d.graham@dagrahamlaw.com

A.G. LARAMORE LLC

    /s/ Anthony G. Laramore
    Anthony G. Laramore #63017MO
    10024 Office Center Avenue, Suite 202
    St. Louis, MO 63128
    Phone: (314) 241-0999
    Fax: (314) 297-0939
    agl@laramorelaw.com

*ATTORNEYS FOR PLAINTIFFS*