UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| PRECIOUS SIMMS, by and through her next of kin, DEMETRIA VAUGHN and GLEN WALKER, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | No. 4:19 CV 1201 CDP |
| UNITED STATES OF AMERICA, et al., | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Demetria Vaughn and Glen Walker bring this wrongful death action under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 2671, *et seq.*, and Missouri state law, alleging that their mother, decedent Precious Simms, sustained injuries and died as a result of negligence committed by several defendants, including the United States of America, during a laparoscopic procedure performed at the Betty Jean Kerr People's Health Centers on April 13, 2017. Because Glen Walker did not exhaust his administrative remedies under the FTCA, I do not have subject matter jurisdiction over his claim against the United States. As the statute of limitations to bring an administrative claim has expired, I will dismiss his claim against the United States with prejudice.

## Background

Precious Simms underwent a laparoscopic hysterectomy at the Betty J. Kerr People's Health Center (BJK Health Center) on April 13, 2017. The BJK Health Center is a private entity eligible for FTCA coverage under the Federally Supported Health Centers Assistance Act. 42 U.S.C. § 233. The surgeon performing the procedure, Dr. Laurel Fendrich, is employed by the BJK Health Center and is deemed to be a federal employee under the FTCA. Because plaintiffs claim that Dr. Fendrich was acting within the scope of her employment, the United States is the proper defendant to answer for Dr. Fendrich's alleged negligent conduct. *Id.*

"The United States may be held liable for negligent or wrongful acts by federal employees committed while acting within the scope of their employment under the FTCA." *Washington v. Drug Enforcement Admin.,* 183 F.3d 868, 873 (8th Cir. 1999). Specifically, federal district courts are granted jurisdiction over civil damages actions against the federal government

> for personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of [her] office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). *See also* 28 U.S.C. § 2674 (providing, in relevant part, that for tort claims the "United States shall be liable . . . in the same manner and to

the same extent as a private individual under like circumstances," except with respect to pre-judgment interest and punitive damages). However, such an action cannot be instituted "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing[.]" 28 U.S.C. § 2675(a). This statutory presentment requirement is a jurisdictional prerequisite to the bringing of a civil action against the United States under the FTCA. *Bellecourt v. United States*, 994 F.2d 427, 430 (8th Cir. 1993). If the presentment requirement is not satisfied, I must dismiss the FTCA claim for lack of jurisdiction without addressing the merits of the claim. *Id.* The jurisdictional requirements for an FTCA claim are "construed narrowly." *Id.*

The notice or presentment requirement of § 2675 is satisfied if the claimant provides "sufficient information for the agency to investigate the claims" and "the amount of damages sought." *Farmers State Sav. Bank v. Farmers Home Admin., a Div. of the U.S. Dep't of Agric.*, 866 F.2d 276, 277 (8th Cir. 1989). "[T]wo prerequisites for administrative investigation are the identity of the claimants, and the nature of the claims[.]" *Id.* (internal quotation marks and citations omitted). If there are multiple claimants, each claimant must submit his or her own administrative claim before pursuing an FTCA lawsuit. *See Lunsford v. United States*, 570 F.2d 221, 226 (8th Cir. 1977). And the claim must be filed within two years after the claim accrues. 28 U.S.C. § 2401(b).

Here, Glen Walker never submitted a claim to the Department of Health and Human Services (HHS) identifying himself as a claimant or identifying the amount of damages he sought as a claimant. Although Demetria Vaughn submitted a claim on her own behalf with the required information, her claim did not notify the government that Walker was also a claimant; nor did it state the amount of any claim Walker may have had. *See Manko v. United States*, 830 F.2d 831, 840 (8th Cir. 1987). Nor did it assert or establish her authority to present a claim on behalf of Walker. *See Mader v. United States*, 654 F.3d 794, 803 (8th Cir. 2011) (en banc). Walker's assertion that Vaughn's administrative claim served as adequate notice of his own claim "is unacceptable." *Manko*, 830 F.2d at 840.

Nor is the presentment requirement satisfied by counsel's letters to the HHS identifying themselves as counsel for Vaughn and Walker, or by the provision of Walker's personal and contact information to the HHS in January 2018. The correspondence between counsel and the HHS before Vaughn filed her claim on November 20, 2017, addresses only the intent to file administrative tort claims on behalf of Vaughn and Walker. Because no amount of damages is requested in these letters, they cannot be considered administrative claims. *Cf. Farmers State Sav. Bank*, 866 F.2d at 276-77 (letters sufficient to assert administrative claim where they identify claimant, the nature of the claim, *and* sum certain amount claimant sought to recover). HHS correspondence after Vaughn filed her claim

references only the "Administrative Tort Claim of Demetria Vaughn." And the provision of Walker's information to the HHS in January 2018 was in response to an HHS inquiry on Vaughn's claim regarding the decedent's survivors – it was not to initiate or advance a separate claim for Walker. Regardless, the information provided did not include any sum certain in damages sought by Walker. In short, even assuming that counsel's letters arguably identified Walker as a claimant, none of the information provided to the HHS identified any amount of damages sought by Walker as an individual claimant. *See Lunsford*, 570 F.2d at 226 (referring favorably to "numerous cases [that] have been dismissed for failure of the individual claimant to state a sum certain in his administrative claim.").

Walker has not satisfied the jurisdictional requirements in order to maintain an FTCA claim against the United States arising from Precious Simms' death. And because the statute of limitations for presenting an administrative claim in the circumstances of this case expired two years after Simms' death, that is, April 13, 2019, he is barred from bringing such a claim now. *See Motley v. United States*, 295 F.3d 820, 822-23 (8th Cir. 2002). Nor does Walker argue that equitable tolling applies in this case. *See United States v. Kwai Fun Wong*, 135 S. Ct. 1625 (2015) (equitable tolling applies to FTCA time limitations); *Motley*, 295 F.3d at 824 (party claiming benefit of exception to statute of limitation bears burden of showing entitlement to it). I will therefore dismiss Walker's FTCA claim with

prejudice. *See Varner v. Peterson Farms*, 371 F.3d 1011 (8th Cir. 2004) (dismissal with prejudice affirmed when statute of limitations had run on claims).

Accordingly,

**IT IS HEREBY ORDERED** that defendant United States of America's Motion to Dismiss [38] is **GRANTED**, and plaintiff Glen Walker's claim against the United States of America is dismissed with prejudice. Walker's state-law claims against defendants Stefan Eichhorn, M.D., Anesthesia Partners Ltd., and SSM Health Care St. Louis remain pending.

**IT IS FURTHER ORDERED** that defendant United States of America shall answer or otherwise respond to plaintiff Demetria Vaughn's FTCA claim not later than **September 26, 2019**.

This case will be set for a Rule 16 scheduling conference by separate Order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 17th day of September, 2019.