UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMETRIA VAUGHN, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>d/b/a Department of Health and Human )<br>Services, d/b/a Betty Jean Kerr People's )<br>Health Centers, et al., )<br>)<br>Defendants. ) | Case No. 4:19 CV 1201 CDP |

## **MEMORANDUM AND ORDER**

Plaintiffs are scheduled to take the deposition of defendants' expert witness, Dr. Daniel Emmert, on Tuesday, January 26, 2021. Given the continued seriousness of the Covid-19 crisis, the parties have agreed that Dr. Emmert's deposition will be taken remotely. Defendants' counsel will be present with Dr. Emmert in person and will be visible on the video presentation. Plaintiffs move for a protective order, however, asking that I order the court reporter to likewise be present in person during Dr. Emmert's deposition and, further, that I adjust Dr. Emmert's deposition fee from $750 per hour for four hours, to $500 per hour for two hours. Upon consideration of plaintiffs' motion, the information submitted therewith, and the parties' respective positions, I will not require the court reporter to be present in person during the deposition, but I will adjust Dr. Emmert's

deposition fee to what has been demonstrated to be a reasonable fee in the circumstances of this case.

Under Rule 26(c)(1), Federal Rules of Civil Procedure, a party may move for a protective order upon which, for good cause shown, the Court may issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: . . . (B) specifying terms, including time and place or the allocation of expenses, for the disclosure or discovery[.]"

> The party requesting a protective order must make a specific demonstration of facts in support of the request as opposed to conclusory or speculative statements about the need for a protective order and the harm which will be suffered without one. Further, a showing of "good cause" must be made which exists, according to Rule 26(c), when justice requires the protection of a party from any annoyance, embarrassment, oppression, or undue burden or expense. Whether a need exists for a Rule 26(c) Protective Order, and what the parameters of such an Order should be, are matters committed to the sound discretion of the District Court.

*Handi-Craft Co. v. Action Trading, S.A.*, No. 4:02 CV 1731 LMB, 2003 WL 26098543, at *15 (E.D. Mo. Nov. 25, 2003) (internal quotation marks and citations omitted).

<u>In-Person Court Reporter</u>

Plaintiffs request that a court reporter be present in person at Dr. Emmert's deposition to assure that a clear record is made without risk of technical or communication issues and, further, to guard against any potential undocumented

- 2 -

communications between defendants' counsel and the witness. Plaintiffs provide no facts to support this request but instead offer only speculation as to what may or may not occur in the absence of an in-person court reporter. In view of the worsening state of the Covid-19 crisis, I agree with defendants that having three persons present in a deposition room for up to (and possibly exceeding) two hours without knowledge of the others' Covid precautions exposes the participants to an unnecessary risk. I will therefore deny plaintiffs' request that the court reporter be present at the deposition in person.

I will also deny plaintiffs' alternative request that defense counsel participate in the deposition remotely. Defendants aver that Dr. Emmert is aware of the precautions taken by defense counsel against Covid-19 and that counsel and Dr. Emmert will prepare for the deposition together in person by mutual consent. Given Dr. Emmert's knowledge of the precautions taken by defense counsel and his reported consent to work with counsel in person, I see no need to order defense counsel to participate remotely at the deposition itself.

Expert Witness Fees

In their expert disclosure, defendants represented that Dr. Emmert's rates were $500 per hour for document review and $750 per hour for deposition (minimum of four hours). (*See* ECF 144-1.) Plaintiffs argue that $750 per hour is an unreasonable fee in the circumstances of this case and, further, that requiring

prepayment of such a fee for four hours (for a total of $3000) is likewise unreasonable because they anticipate only a two-hour deposition.

Unless manifest justice would result, a party seeking expert discovery must pay the expert a reasonable fee for time spent in responding to discovery, including deposition.  Fed. R. Civ. P. 26(b)(4)(E)(i).  "Thus, the requirement that the party seeking discovery pay an adverse party's expert for time spent in responding to discovery is now well ensconced, however, there is very little authority as to what is meant by the term 'a reasonable fee'" in Rule 26(b)(4).  *Handi-Craft Co.*, 2003 WL 26098543, at *15 (internal quotation marks and citations omitted).  "What is clear is that the party seeking reimbursement of fees bears the burden of proving reasonableness and if the parties provide little evidence to support their interpretation of a reasonable rate, the court may use its discretion to determine a reasonable fee."  *Id.* (internal quotation marks and citation omitted).

Defendants argue that it is not my role to set the rate of an expert's compensation and that, regardless, Dr. Emmert's $750 per hour deposition fee is reasonable.  To support the reasonableness of the fee, defendants contend only that they can "point to hundreds of examples of experts" who charge more or less than Dr. Emmert or plaintiff's expert, Dr. John (Hans) Schweiger.  (ECF 143 at p. 5.)  Other than citing to their ability to "point," defendants provide no evidence to support their interpretation that Dr. Emmert's fee is a reasonable one.

It should come as no surprise to defendants that I disagree with their position that the Court has no role in determining the reasonableness of an expert witness's fee when the issue of reasonableness is contested.  *See Handi-Craft Co.*, 2003 WL 26098543, at *15 (citing *Hose v. Chicago & N.W. Transp. Co.*, 154 F.R.D. 222, 224-225 (S.D. Iowa); *Fisher-Price v. Safety 1st, Inc.*, 217 F.R.D. 329, 333 (D. Del. 2003); *New York v. Solvent Chem. Co., Inc.,* 210 F.R.D. 462, 468 (W.D.N.Y. 2002); *Magee v. The Paul Revere Life Ins. Co.,* 172 F.R.D. 627, 645 (E.D.N.Y. 1997); *Goldwater v. Postmaster Gen. of the United States,* 136 F.R.D. 337, 339 (D. Conn. 1991)).  And other than their own assertion of reasonableness, defendants have provided no evidence that Dr. Emmert's deposition fee is reasonable in the circumstances of this case.

In determining the reasonableness of an expert witness's fee under Rule 26, I consider the following factors:  (1) the witness's area of expertise; (2) the education and training required to provide the expert insight which is sought; (3) prevailing rates of other comparable experts; (4) the nature, quality, and complexity of the discovery responses provided; (5) the fee actually being charged to the party who retained the expert; (6) fees traditionally charged by the expert on related matters; and (7) any other factor likely to be of assistance to the Court.  *Handi-Craft Co.*, 2003 WL 26098543, at *15.  Applying these factors here, I conclude that an hourly deposition fee of $550, with a minimum of four hours, is

reasonable.

The relevant evidence before the Court shows that both Dr. Emmert and Dr. Schweiger share expertise in a complex area of anesthesiology, with each having undergone substantial education and training to attain their level of expertise. (ECF 141-3, 141-5.)  The only evidence before the Court of prevailing rates of other experts comparable to Dr. Emmert is the fee schedule of Dr. Schweiger, which shows, *inter alia*, that his rate for document review is $500 per hour, and his deposition fee is $550 per hour with a four-hour minimum.  (ECF 141-4.)[1] Defendants' averment that Dr. Emmert charges $500 per hour for document review and $750 per hour for depositions is merely that – an averment.  There is no documentary or other evidence demonstrating that Dr. Emmert traditionally charges this fee or that he has actually charged this fee to the defendants.

Upon consideration of the relevant evidence before the Court on the reasonableness of Dr. Emmert's deposition fee, I find that a $550 hourly deposition fee for a minimum of four hours is reasonable in the circumstances of this case, and that such a fee is sufficient to compensate Dr. Emmert for his deposition time. I will therefore order plaintiffs to pay the reasonable deposition fee of $550 per hour for a minimum of four hours.  While a four-hour minimum may be excessive, it is not unreasonable; especially given that plaintiffs' expert, Dr. Schweiger, has

---

[1] Plaintiffs contend that Dr. Schweiger charges $500 per hour as a deposition fee, but his fee schedule shows that his rate is $550 per hour with a four-hour minimum.

the same condition in his fee schedule.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's Amended/Corrected Motion for Protective Order Regarding the Fees of Defendants' Expert Daniel Emmert, MD and Request for an In-Person Court Reporter [141] is **DENIED** to the extent plaintiffs request that a court reporter be present in person at Dr. Emmert's deposition. Plaintiffs' request that Dr. Emmert's deposition fee be reduced is **GRANTED** in part. Plaintiffs shall prepay a deposition fee of $550 per hour for a minimum of four hours. In all other respects, plaintiffs' motion is denied.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 20th day of January, 2021.