UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DEMETRIA VAUGHN, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 4:19 CV 1201 CDP |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| d/b/a Department of Health and Human ) | |
| Services, d/b/a Betty Jean Kerr People's ) | |
| Health Centers, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Plaintiffs move to exclude the opinions of Dr. Daniel Emmert, defendants Dr. Stefan Eichhorn and Anesthesia Partners Ltd.'s expert witness, arguing that defense counsel actually authored the expert report and not Dr. Emmert. Because the evidence submitted on plaintiffs' motion shows the opinions in the written report to be Dr. Emmert's own and that counsel's assistance in preparing the report was as scrivener only, I will deny the motion.

Rule 26(a)(2)(B), Federal Rules of Civil Procedure, requires that a witness retained by a party to provide expert testimony must provide a written report "prepared and signed by the witness." "[T]he report, which is intended to set forth the substance of the direct examination, should be written in a manner that reflects the testimony to be given by the witness and [ ] must be signed by the witness."

*Id.*, 1993 advisory committee's note. Counsel may provide assistance in preparing the report. *Id.* Such assistance may include "reduc[ing] an expert's oral opinion to writing so long as the report reflects the actual views of the expert." *United States v. Kalymon*, 541 F.3d 624, 638 (6th Cir. 2008).

Dr. Emmert testified at his deposition that the written expert report accurately represents his opinions in the case, which he formed after spending several hours reviewing medical records, depositions, and medical literature. Plaintiffs' counsel deposed Dr. Emmert at length about the substance of his opinions and the materials upon which they were based. Dr. Emmert also testified, and plaintiffs' counsel acknowledged, that he took notes on the materials he reviewed; and, further, that the factual information underlying his opinions was drawn from his personal review of the materials provided to him.

As to the memorialization of his opinions, Dr. Emmert testified that he conversed with defense counsel about his opinions and the bases therefor and that counsel typed up the report after these conversations. He reviewed and edited the report for clarification and accuracy before signing it. Nothing before the Court shows that defense counsel "authored" Dr. Emmert's report as plaintiffs allege. Instead, they acted as scriveners in reducing Dr. Emmert's own oral opinions to writing, which Dr. Emmert then reviewed for accuracy, edited, and signed. This assistance by counsel in preparing the report is permitted under Rule

26(a)(2)(B).  *See Kalymon*, 541 F.3d at 637-38; *Coates v. Powell*, No. 2:08-CV-04158-NKL, 2009 WL 1310302, at *3 (W.D. Mo. May 11, 2009) (editing and drafting by attorney of information provided by expert does not equate to attorney authoring the report).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' Motion to Exclude the Opinions of Dr. Daniel Emmert [146] is **DENIED**.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 28th day of April, 2021.