# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

DEMETRIA VAUGHN, et al.,     )
     )
     Plaintiffs,     )
     )
     v.     )     No. 4:19-CV-01201-JAR
     )
STEFAN EICHORN, et al.,     )
     )
     Defendants.     )

## MEMORANDUM AND ORDER

This matter is before the Court upon Defendants Anesthesia Partners, Ltd. and Stefan Eichorn's Motion for Bill of Costs, (Doc. No. 220), Defendants' Amended Motion for Bill of Costs, (Doc. No. 224), and Plaintiffs' Motion to Strike. (Doc. No. 226). This action was filed by Plaintiffs asserting claims for negligent provision of medical care against Defendants related to the death of their mother, Precious Simms. The matter came before a jury for trial on July 13, 2021 On July 16, 2021, the jury returned a verdict for Defendants.

A final judgment was entered in favor of Defendants on August 3, 2021. (Doc. No. 219). Defendants filed a Motion for Bill of Costs on August 5, 2021. (Doc. No. 220). Plaintiffs Demetria Vaughn and Glen Walker filed an objection, arguing many of the costs are not allowed pursuant to 28 U.S.C. § 1920 and Federal Rule of Civil Procedure 54(d). (Doc. No. 222). On August 20, 2021, Defendants filed an Amended Motion for Bill of Costs removing certain transcript fees and adding additional expert witness fees. (Doc. No. 224). Plaintiffs moved to strike the Amended Motion for Bill of Costs for including expert fees either not allowed under § 1920 and Fed. R. Civ. P. 54(d) and for including fees that were not in Defendants' initial Motion for Bill of Costs.

This matter is fully briefed and ready for disposition. For the reasons set forth below, Defendants Amended Motion for Bill of Costs will be granted in part and denied in part.

## I.      Discussion

In their initial Motion for Bill of Costs, Defendants requested $7,886.01 in costs including: $262.00 for summons and subpoena, $6,216.55 for transcripts, $1,217.62 for witnesses, and $189.84 for costs of copying materials. Plaintiffs raised a number of objections. Defendants then filed an Amended Motion for Bill of Costs, which excluded the costs for postage and expediting Dr. Eichorn and CRNA Sanford's depositions and added $3,300 in costs related to Dr. Schweiger appearing as a witness. In total, Defendants request $10,062.66 in costs: $262.00 for summons and subpoena, $5,093.20 for transcripts, $4,517.62 for witnesses, and $189.84 for costs of copying materials.

Plaintiffs argue that the following fees related to transcripts are not recoverable as costs: 1) archive, exhibit, and word index fees, 2) fees for expediting deposition transcripts, 3) fees related to Dr. Krueger's video deposition, and 4) postage fees. Defendants conceded the cost of postage related to Demetria Vaughn's deposition transcript and the costs of expediting Dr. Eichorn's and CRNA Sanford's depositions are not recoverable as costs. Plaintiffs also object to Defendants' witness fees for including costs outside the $40 per day plus milage allowed as taxable costs.

Rule 54(d) of the Federal Rules of Civil Procedure provides "costs−other than attorney's fees−should be allowed to the prevailing party." *See also In re Derailment Cases*, 417 F.3d 840, 844 (8th Cir. 2005) ("A prevailing party is presumptively entitled to recover all of its costs."). Pursuant to 28 U.S.C. § 1920, the Court may tax costs for:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

Upon objection by the opposing party as to authorized costs, the Court may exercise its discretion to grant or deny costs. *Pershern v. Fiatallis N. Am., Inc.*, 834 F.2d 136, 140 (8th Cir. 1987). A district court's discretion in this regard is broadly construed. *Little Rock Cardiology Clinic PA v. Baptist Health*, 591 F.3d 591, 601 (8th Cir. 2009).

**A. Deposition Costs**

Plaintiffs concede that Defendants may recover costs for taking depositions pursuant to § 1920. However, they claim that aspects of the costs Defendants request are not authorized.

<u>Archive fees, exhibit fees, and word index fees</u>

Several of the bills included fees that Plaintiffs claim are not necessary for use in the case and therefore cannot be taxed pursuant to § 1920. These fees are archive fees, exhibit fees, and a word index fee. Defendants claim these fees are typically included in depositions and are necessarily obtained for use in the case. Defendants submitted an email from the transcription service indicating that the archive fee is a "customary charge" included so that information may be sent to clients again on demand. (Doc. No. 224-2). Defendants next claim that word indexes are customarily included in transcripts and notes that all the deposition transcripts obtained in this matter included word indexes, although most did not charge for the index separately. Finally, Defendants claim the "costs for copies of deposition exhibits are recoverable to the same extent as their corresponding depositions." *Smith v. Toyota Motor Corp.*, No. 2:16CV24 ERW, 2018

WL 3496491, at *3 (E.D. Mo. July 20, 2018). The Court concludes that these fees were necessary for use in the case. As such they will be taxed against Plaintiffs.

<u>Videoconferencing fees</u>

Plaintiffs object to a number of the fees associated with the video deposition of Dr. Krueger: the attendance, e-delivery, and videoconference fees. Defendants moved to depose Dr. Krueger in person, (Doc. No. 127), and Plaintiffs objected due to Dr. Krueger's health. (Doc. No. 130). At the Plaintiff's request, the Court ordered the deposition be taken by videoconference. (Doc. No. 131). The attendance, e-delivery, and videoconference fees are associated with taking the video deposition of Dr. Krueger—as Plaintiffs requested—and as such were necessary for use in the case.

<u>Deposition Fees</u>

Plaintiffs object to the costs of expediting the transcripts of Dr. Eichorn, CRNA Sanford, and Dr. Graham. Defendants concede that the costs of expediting Dr. Eichorn and CRNA Sanford were not necessary. However, Defendants argue they are entitled to the costs of expediting Dr. Graham's transcript. Plaintiffs initially disclosed Dr. Graham as a non-retained expert witness, stating he would testify about the opinions "obtained during his investigation of the death of Precious Simms a/k/a Precious Sims, which are contained in the medical report…." (Doc. No. 169 at 6). Defendants filed a motion *in limine* to preclude Dr. Graham from testifying that Ms. Simms did not die from a CO2 air embolism because his medical report listed a cause of death, but not explicitly state that Ms. Simms death was not caused by a CO2 air embolism. *Id*. During the pretrial conference, the Court denied the motion but allowed the Defendants to depose Dr. Graham prior to trial. On July 12, 2021, one day before the start of the jury trial,

Defendants deposed Dr. Graham. They claim that the fee for the expedited transcript was necessary, as his deposition occurred one day prior to the trial.

Although the Court does not wish to second guess the decisions of counsel, under the circumstances the deposition of Dr. Graham the day before trial was not necessary. Plaintiffs timely disclosed Dr. Graham as a non-retained expert and gave Defendants adequate notice of the contents of his opinion. Defendants could have deposed Dr. Graham well before the trial but chose not to. As such, the Court will not grant the fees and costs associated with deposing Dr. Graham.

**B. Expert Witness Fees**

Plaintiffs next claim that most of the witness fees are not taxable against them. In their first motion, Defendants requested $1,169.75 for Dr. Krueger's appearance at his deposition and $48.87 for Dr. Fendrich's appearance to give testimony at trial. (Doc. No. 220). In Defendants' Amended Motion for Bill of Costs, they add $3,300.00 for Dr. Schweiger's appearance at his deposition. Plaintiffs argue the expert fees for Dr. Krueger and Dr. Schweiger's appearances at their depositions are not taxable pursuant to § 1920 and Fed. R. Civ. P. 54(d). They further move to strike the costs for Dr. Schweiger's appearance in Defendants' Amended Motion for Bill of Costs because Defendants failed to include it in their initial motion. Defendants respond that the fees are recoverable pursuant to Fed. R. Civ. P. 26 and their amended motion was timely filed.

Pursuant to Local Rule 8.03, a party seeking an award of costs must file a bill of costs no later than twenty-one days after the entry of a final judgment. Final judgment was entered on August 3, 2021 and Defendants filed their Amended Motion for Bill of Costs on August 20, 2021—within the twenty-one day deadline. As such, Defendants' motion is timely filed and Plaintiffs' Motion to Strike will be denied.

Although § 1920(6) does not authorize the award of costs related to the deposition of an expert who is not "court appointed," *See Crues v. KFC Corp.*, 768 F.2d 230, 234 (8th Cir. 1985), such fees may be recovered pursuant to Federal Rules of Civil Procedure 26(b)(4)(A) and (E). *See Firefighters' Inst. for Racial Equality ex rel. Anderson v. City of St. Louis*, 220 F.3d 898, 905 (8th Cir. 2000*); see also Stanley v. Cottrell, Inc*., 784 F.3d 454, 464 (8th Cir. 2015). Federal Rule of Civil Procedure 26(b)(4)(A) provides that a "party may depose any person who has been identified as an expert whose opinions may be presented at trial," and Rule 26(b)(4)(E) instructs that the district court "must require that the party seeking discovery...pay the expert a reasonable fee for time spent in responding to discovery." These rules together allow for the recovery of witness fees related to deposing another party's expert. *Stanley*, 784 F.3d at 464.

The Court may tax expert witness fees against Plaintiffs, but "it is within the sound discretion of the trial court to grant, modify or deny requests for the taxation of costs." *Hoover v. Bayer Healthcare Pharms. Inc.*, No. 3:14-CV-05090-SRB, 2017 WL 2321146, at *4 (W.D. Mo. Mar. 27, 2017) (quoting *Welsch v. Likins*, 68 F.R.D. 589, 595 (D. Minn. 1975)) (reducing the award for witness fees to a reasonable amount). The Court may also consider "the relative financial status of the parties" in awarding costs. *Chowdada v. Judge Tech. Servs., Inc.*, No. 4:18-CV-00655-JAR, 2021 WL 1312974, at *2 (E.D. Mo. Apr. 8, 2021). As such, recognizing the limited financial resources of the Plaintiffs, the Court will exercise its discretion and decline to tax the fees for Dr. Schweiger or Dr. Krueger's appearances. Plaintiffs do not object to the costs for Dr. Fendrich, so they will be taxed $48.87 for her appearance at trial.

## II.    Conclusion

The Court will tax $4,908.91 against Plaintiffs: $262.00 for service of summons and subpoena, $4,407.20 for deposition transcripts, $48.87 for expert witness fees, and $189.84 for the costs of copying materials.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Amended Motion for Bill of Costs [224] is **GRANTED in part** and **DENIED in part**, as set forth in this order.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion to Strike [226] is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Motion for Bill of Costs [222] is **DENIED** as moot.

Dated this 23rd day of December, 2021.

_John A. Ross_
_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE